IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARY JO KAULING,

   Plaintiff,

  vs.

FIFTH DISTRICT APPELLATE COURT,
MARION COUNTY COURT, ILLINOIS, and
STATE OF ILLINOIS,

   Defendants.

Case No. 14-cv-551-JPG-SCW

**MEMORANDUM AND ORDER**

  This matter comes before the Court on plaintiff Mary Jo Kauling's motion for leave to proceed *in forma pauperis* (Doc. 2).  In her complaint, Kauling alleges wrongdoing by the Marion County, Illinois, and Fifth District Appellate Court Judges.  Specifically, Kauling alleges as follows:

> Denied equal treatment as a *pro se*, *forma pauperis*, disabled Petitioner.  The case has meritorious basis.  Evidence and the need for compensation.  Plaintiff's bill of rights were denied.  Plaintiff was denied access to a Judge whereas defendants late entry and violating legal counsel was granted *ex parte* treatment.  Plaintiff's original favored ruling was illegally overturned by improper court proceedings done by an attorney entering late, improper and with no respect for reasonable care and loss done to a human, woman or even a person.  Plaintiff's life was endangered, violated and illegally used by a doctor.

Doc. 1, p. 5.

  A federal court may permit an indigent party to proceed without pre-payment of fees.  28 U.S.C. § 1915(a)(1).  Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or seeks monetary relief from a defendant who is immune.  28 U.S.C. § 1915(e)(2)(B).  The test for determining if an action is frivolous or without merit is whether the plaintiff can make a

rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When assessing a petition to proceed *in forma pauperis,* a district court should inquire into the merits of the petitioner's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

The Court has no reason to doubt Kauling's indigency; however, the Court finds her claim is frivolous. Judges enjoy absolute immunity in the exercise of their judicial functions. *Mireless v. Waco*, 502 U.S. 9, 9-10 (1991). This immunity includes immunity from suit and not just immunity from damages claims. *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).

Here, Kauling has failed to state sufficient facts for any defendant to be put on notice of the claim against her. When a plaintiff pleads insufficient facts, the Court normally grants leave to replead. Here, however, leave to replead is unnecessary. Specifically, Kauling's claims are clearly barred by judicial immunity because her complaint attempts to state claims against judicial officers in the exercise of their judicial functions.

For the foregoing reasons, the Court **DENIES** Kauling's motion for leave to proceed *in forma pauperis* (Doc. 2), **DISMISSES** this case for failure to state a claim and seeking monetary damages against an immune defendant, and **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** May 21, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**